IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ILLINOIS

WESTERN DIVISION

**FILED**

JUN 0 1 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

| | | |
|---|---|---|
| J. DAVID JOHN | ) | |
| v. | ) | |
| MEGAN M. BOLINDER, | ) | 18cv50180<br>Judge Frederick J. Kapala<br>Magistrate Judge Iain D. Johnston |
| GARTH BOLINDER, | ) | |
| KRISTIN PAWLIK, | ) | |
| KEITH, MILLER, BUTLER, | ) | |
| SCHNEIDER & PAWLIK, PLLC, | ) | |
| CHRISTIAN M. POLAND, | ) | **JURY DEMAND** |
| BRYAN CAVE LEIGHTON | ) | |
| PAISNER LLP, | ) | |
| PHILIP G. RYKEN, | ) | |
| WHEATON COLLEGE | ) | |
| DAVID GIESER | ) | |

1

**VERIFIED COMPLAINT AT LAW**

The Plaintiff, J. David John, states as his Complaint against the Defendants, MEGAN M. BOLINDER, GARTH BOLINDER, KRISTIN PAWLIK, KEITH MILLER BUTLER SCHNEIDER & PAWLIK, PLLC, CHRISTIAN M. POLAND, BRYAN CAVE LEIGHTON PAISNER, PHILIP G. RYKEN, DAVID GIESER, AND WHEATON COLLEGE, as follows:

**FACTS**

**A. PARTIES**

1. Mr. John is an individual residing in Florida. He is a graduate of Wheaton College (BA), Columbia University in New York (MS), and The University of Chicago (MBA). He is an immigrant of east Indian descent.

2. Megan M. Bolinder is an individual residing in Arkansas. Her aliases include Megan Urbanek, and Megan Marie. She is involved in a custody dispute with J. David John.
3. Garth Bolinder is an individual residing in Arkansas. He is employed by the Evangelical Covenant Church and is the father of Megan M. Bolinder.
4. Kristin Pawlik is an individual residing in Arkansas. She is employed by Keith Miller Butler Schneider & Pawlik. She represents Megan M. Bolinder in her custody case against Mr. John.
5. Christian Poland is an individual residing in Illinois. He is an attorney employed by Bryan Cave Leighton Paisner. He represents Wheaton College in a case against J. David John.
6. Keith Miller Butler Schneider & Pawlik PLLC is a law firm based in Arkansas.
7. The law firm of Bryan Cave Leighton Paisner LLP is a limited liability partnership established under the law of the State of Missouri with numerous offices including Miami and Chicago.
8. Philip G. Ryken is an individual residing in Illinois. He is employed as the president of Wheaton College.
9. Wheaton College is a 501 ( c) 3 nonprofit liberal arts college located in Illinois.
10. David Gieser is the chairman of the board of trustees of Wheaton College.

## B. JURISDICTION

11. This Court has Jurisdiction under 28 U.S.C. §1331 because the matter in controversy arises under a law of the United States, specifically 18 U.S. Code § 2511, 18 U.S. Code § 2261A, and 18 U.S. Code § 2701.
12. Venue is appropriate in this Court in the Northern District of Illinois as the crimes alleged occurred primarily in Illinois and Florida. The Western Division is appropriate in this case because Thomas and Justin Leinenweber are witnesses and potentially defendants in this case and their father, Harry Leinenweber, is a federal judge in the Eastern Division. The potential for bias in the Eastern Division requires a different venue.

## INTRODUCTION

13. In August of 2010 Mr. John filed a paternity action in Bentonville, AR.
14. During a deposition of Megan Bolinder in January of 2011 she admitted that she and her father, Garth Bolinder, sought and received information from Wheaton College where Mr. John attended college.
15. In August of 2011 Mr. John filed a complaint in DuPage County, IL against Wheaton College, Megan Bolinder, Dixie Bolinder, Garth Bolinder, and Thomas Pratt for the release of Mr. John's private information by Wheaton College and its

4

president, Phil Ryken. Megan Bolinder and her parents are represented by attorney John McTigue in this case. Kristin Pawlik is not involved.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

16. The Defendants have all attacked Mr. John in order to gain an advantage in litigation.
17. Specifically Megan Bolinder and Wheaton College are attempting to control negative information known by Mr. John.
18. Mr. John has information about allegations that Wheaton College president Phil Ryken allegedly covered up sexual assault by his assistant pastor while he was the senior pastor at Tenth Presbyterian Church in Philadelphia, that Wheaton College covered up the assault of a baseball player, and that former Wheaton College president Duane Litfin attempted to sell a visa waiver to international criminal James Riady (according to Dennis Hastert) and much more information from his 19 years as a volunteer in the Wheaton College Athletic Department.
19. Wheaton College filed suit against Mr. John even though both Phil Ryken and VP for Finance Dale Kemp both admitted during depositions that they are unable to identify any damages experienced by Wheaton College related to Mr. John. The Wheaton College Board of Trustees, headed by chairman David Gieser, approved of all litigation related matters, including expenditures for litigation. David Gieser approved of all actions taken by Wheaton College, Phil Ryken,

Christian Poland and Bryan Cave Leighton Paisner LLP and approved payments for the same.

20. Megan Bolinder has attempted to cover up her family history of abuse and specifically abuse by her father, Garth Bolinder. She has also been diagnosed with mental illness and claimed that her father was responsible for her first suicide attempt. All of this public information and available in court records.

21. Ms. Bolinder and her attorney, Kristin Pawlik, were able to obtain a protective order for her medical records from Judge Douglas Schrantz without filing a motion for protective order.

On April 2 of 2014 Ms. Bolinder, during a joint therapy session, made the following statement " MEGAN BOLINDER: Yes, I think you should send

```
 8   them your first contact with your first lawyer

 9   at Leving and the fact that his phone records

10   were with Joseph before you even took Isaiah to

11   Joseph.  And then I think you should give them a

12   receipt of how much you paid for Joseph along

     13    with it."
```

22. Ms. Bolinder's statement was recorded and is contained in a certified transcript. Ms. Bolinder has confirmed the accuracy of the transcript. (**Exhibit A page 98** )

6

23. Based on her statement it is clear that she somehow obtained the phone records of Mr. John's attorney. What is not obvious to someone on the outside is that this particular attorney never filed an appearance on behalf of Mr. John so Ms. Bolinder was able to determine that Mr. John met with this attorney, his identity, and his phone conversations.
24. Neither Mr. John or his attorney gave phone records to Megan Bolinder or Kristin Pawlik. There is no way that Ms. Bolinder could have obtained any of this information legally.
25. On August 1, 2018 Kristin Pawlik confirmed that she had these same phone records. She stated "maybe you gave them to us". She did not deny having these phone records. Mr. John had a witness in the court who can confirm this statement as transcripts from this court have been altered on several occasions.
26. Because of this exchange a friend of Mr. John, David Libby, reviewed court documents and found in September of 2017 that, based on court documents, Judge Douglas Schrantz had been given the same information from the phone records of Mr. John's attorney. His assessment is attached (**Exhibit B**)
27. In February of 2018 Mr. John consulted with technology professional Jerico Guerrero. His conclusion was that Mr. John had been continuously hacked since 2011.
28. Since the filing of Mr. John's lawsuit against Wheaton College his email, text messages, voice communications, and location information have been obtained by the Defendants in this case.

7

29. Garth Bolinder obtained information from Mr. John's email and used this information in January of 2012. Garth Bolinder has received ongoing information from the interception of Mr. John's email communications.

30. As a result of the Defendants' access of Mr. John's communications they have also obtained attorney-client communications and HIPPA protected information.

On May 31, 2016 Megan Bolinder sent an email to Mr. John in response to his communication regarding their son. "On May 31, 2016, at 6:26 AM, David John <isaiahsbigdaddy@gmail.com> wrote:

Megan

How would you know when I spoke to Brian?

Or when the spots appeared?

David

On May 31, 2016 4:35 AM, "Isaiah Bolinder-John" <isaiahtorreybolinderjohn@gmail.com>
wrote:

David,

The skin spots appeared Sunday, not Friday, which is when you spoke to Brian.

8

Also, telling Isaiah that I forbade him to go on a fishing trip is mean to Isaiah, and is a misrepresentation of the fact that you planned the fishing trip during a time you weren't scheduled to have visitation. I have cleared this up for him.

Finally, today is May 31st. Child support was due on the 5th. What's the story this month? Isaiah's doctor visit from this morning will be added to the delinquency.

I will send any update on his skin condition post appointment.

Megan

On May 30, 2016, at 6:29 PM, David John <isaiahsbigdaddy@gmail.com> wrote:

Had no fever since Saturday night. Did not take him to doctor, spoke to Brian about the condition."

31. This email communication **(Exhibit C)** on May 31, 2016 shows that Ms. Bolinder was able to access the past communications between Mr. John and a physician which occurred on May 29, 2016. This would only be possible if Mr. John's calls and/or text messages were being continuously recorded. This is one of the events which led Mr. Guerrero to this conclusion in February of 2018.

9

32. In the case against Wheaton College a hearing scheduled for September 1, 2016 was canceled and rescheduled for September 8, 2016. Mr. John had invited a few friends to attend the hearing and one friend, David Orme, did not receive the message and arrived at the DuPage County Courthouse at the previously scheduled time. While he was there he saw Wheaton College attorney, Christian Poland walk past the courtroom door and into the chambers of the presiding judge, Kenneth Popejoy. He reported this to Mr. John and has provided affidavits recording the events. **(Exhibit D)**

33. Christian Poland and Bryan Cave Leighton Paisner LLP were able to intercept communications between Mr. John and David Orme.

34. Separately a FOIA request was filed for the surveillance footage from the hallway outside the judge's chambers. The DuPage County Sheriff's Department took approximately six weeks to respond to the request and when the footage was returned in response to the FOIA request the portion at 10am, when Mr. Poland was seen, had been deleted. The surveillance footage can be downloaded at https://www.dropbox.com/sh/jpeab7xzh7lp6gg/AAAQkrrrs3TFSwrnNwlGY81Ja?dl=0

35. Since January 2014 David Orme's email has been hacked almost continuously. In December of 2013 he was listed as a potential witness by Wheaton College. Several emails regarding the Wheaton College litigation were also deleted from

his email system. Mr. Orme kept a record of the emails deleted and is able to provide copies of the specific emails.

36. Mr. Orme has a BA in Computer Science from Taylor University as well as a MS in Computer Science from Columbia University in New York.

37. On September 11, 2015 attorneys for Mr. John received a letter from Mr. Poland which indicated he had information about Mr. John's father, and his medical information but does not indicate how he obtained this information.

38. In February 2018 Mr. John learned that his location information can be tracked using the SS7 vulnerability in the mobile phone network.

39. The Defendants have tracked Mr. John's location through his phone and/or GPS tracker since December 2011.

40. The Defendants have also indicated that they know his location. Kristin Pawlik indicated that she knew his location on February 14, 2013. Megan Bolinder has done the same.

41. Megan Bolinder tracked Mr. John's location and knew when he was in Iowa visiting his parents.

42. Kristin Pawlik obtained travel information from Mr. John's trips on United Airlines. This was done prior to her request for information which also yielded the same information.

43. Wheaton College has paid Christian Poland to regularly communicate with Kristin Pawlik even though she is only involved in the Arkansas custody matter.

11

44. Christian Poland was in attendance at a hearing in Chicago for an emergency order of protection in July 2013 regarding Mr. John's son. His fee was paid by Wheaton College.

45. Mr. Poland claimed joint defense privilege with Ms. Pawlik when documents were subpoenaed.

46. Mr. Poland accessed Mr. John's phone records and/or email in order to find the name and contact information for the State Farm claims specialist handling his case. On March 8, 2016 Mr. Poland called claims specialist Rosiland Smith in order to get information about Mr. John. He did not get her contact information from Mr. John, State Farm Insurance Company, or attorneys for Mr. John. This information would only be contained in Mr. John's phone records, phone calls, and emails.

47. Phil Ryken, when asked during his deposition dated February 28, 2017 about paying for surveillance did not deny that Wheaton College paid for surveillance but instead answered: "Q.     Were there any costs incurred in this

 1     lawsuit by the College for surveillance or background

 2     checks of any of the parties?

```
3           A.    Not to my knowledge.    Surveillance
and

4    background checks, not to my knowledge, no.
```

48. The surveillance was arranged by Christian Poland through his employer Bryan Cave Leighton Paisner LLP and paid for by Wheaton College as legal fees, all surveillance was approved by Phil Ryken.
49. The investigators who followed Mr. John also intended to intimidate him.
50. Tom Jarman witnessed the investigators on two occasions in 2014 and 2015. Jarman was an advisory board member at Wheaton College during that time. On one occasion Mr. Jarman was chased in his car by the investigators.
51. In October of 2012 Mr. John arranged a meeting, via phone, with Wheaton College donor Hank Harrison at the St. Charles Country Club. Mr. John was followed on the way to the meeting and the dining room at the country club was empty with the exception of a person who appeared to be an investigator sitting alone and wearing an earpiece.

**COUNT 1**

**Interception and disclosure of wire, oral, or electronic communications**

13

Plaintiff repeats and realleges the allegations set forth above as if they were fully set forth in this Paragraph.

The Defendants have intercepted Mr. John's communications since 2011. They have used the information they received in order to gain an advantage in litigation and to intimidate Mr. John. In addition to the Defendants the intercepted communications were shared with C. William Pollard and Robert Oury.

## COUNT 2

### Unlawful access to stored communications

Plaintiff repeats and realleges the allegations set forth above as if they were fully set forth in this Paragraph.

The Defendants obtained information contained in Mr. John's emails, and systems for stored communications maintained by other service providers for mobile phone service and travel.

## COUNT 3

### Stalking

Plaintiff repeats and realleges the allegations set forth above as if they were fully set forth in this Paragraph.

14

Defendants Wheaton College, Christian Poland, and Bryan Cave Leighton Paisner, LLP, Phil Ryken and David Gieser arranged for the stalking and surveillance and disseminated information to the other Defendants. The Defendants used illegal electronic surveillance constantly since 2011 and made decisions on physical surveillance based on Mr. John's current location. Investigators typically arrived 15 minutes after Mr. John reached a specific location.

## PLAINTIFF'S FIRST CLAIM FOR RELIEF

Plaintiff repeats and realleges the allegations set forth above as if they were fully set forth in this Paragraph.

All the Defendants herein violated 18 U.S.C. § 2511 through the electronic and physical surveillance of Mr. John.

Pursuant to 18 U.S.C. § 2520, Plaintiff is entitled to recover the greater of compensatory damages from all Defendants as determined at trial or the statutory damages authorized by § 2520.68. In addition, Plaintiff is entitled to recover punitive damages as determined at trial because Defendants' illegal electronic surveillance of Mr.

John was wanton, willful and malicious., particularly because it was used as part of a criminal cyber-stalking scheme engaged in by Defendants in violation of 18 U.S.C. §

2261A.69.Finally, pursuant to 18 U.S.C. § 2520(b)(3), Plaintiff is entitled to recovery of his reasonable counsel fees and all other litigation costs reasonably incurred.

## PLAINTIFF'S SECOND CLAIM FOR RELIEF

Plaintiff repeats and realleges the allegations set forth above as if they were fully set forth in this Paragraph.

Defendants violated 18U.S.C. § 2701 by directing a person paid, directly or indirectly, by Wheaton College and Bryan Cave to hack Mr. John's personal computer and electronics and gain access to his private emails, text messages, location, and communications.

Pursuant to 18 U.S.C. § 2707, Plaintiff is entitled to recover the greater of compensatory damages as determined at trial or the statutory damages authorized by § 2707.73. In addition, Plaintiff is entitled to recover punitive damages as determined at trial because Defendants' illegal electronic surveillance of Mr. John was wanton, willful and malicious, particularly because it was used as part of a criminal cyber-stalking scheme engaged in by Defendants in violation of 18 U.S.C. § 2261A.

Finally, pursuant to 18 U.S.C. § 2707(b)(3), Plaintiff is entitled to recovery of his reasonable counsel fees and all other litigation costs reasonably incurred.

16

## PLAINTIFF'S THIRD CLAIM FOR RELIEF

Plaintiff repeats and realleges the allegations set forth above as if they were fully set forth in this Paragraph.

Defendants violations of federal criminal statutes in using illegal electronic surveillance of Plaintiff. Defendants engaged in that conduct with the intent to cause Plaintiff distress. By reason thereof, Plaintiff is entitled to recover compensatory damages from all Defendants in an amount to be determined at trial.

In addition, Plaintiff is entitled to recover punitive damages as determined at trial because Defendants' illegal electronic surveillance of Mr. John was wanton, willful and malicious, particularly because it was used as part of a criminal cyber-stalking scheme engaged in by Defendants in violation of 18 U.S.C. § 2261A.

**Wherefore**, Plaintiff demands Judgment as follows:

A. On Plaintiff's First Claim for Relief, an award of (i) the greater of compensatory or statutory damages, (ii) punitive damages, and (iii) reasonable counsel fees and all other litigation costs reasonably incurred against all Defendants jointly and severally.

17

B. On Plaintiff's Second Claim for Relief, an award of (i) the greater of compensatory or statutory damages, (ii) punitive damages, and (iii) reasonable counsel fees and all other litigation costs reasonably incurred against all Defendants jointly and severally.

C. On Plaintiff's Third Claim for Relief, an award of (i) compensatory damages, (ii) punitive damages, and (iii) the costs and disbursements of this action; and

D. An Order granting such other and further relief as deemed just and proper by this Court.

DATE: June 1, 2018                    BY: _____

J. David John

Pro Se

846 Lenox Avenue Miami Beach 33139

jdavidjohns@gmail.com